| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| WESTERN DISTRICT OF PENNSYLVANIA |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Garrett Limestone Company, Inc.** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **20-1004069** |
| **4.** | **Debtor's address** | **Principal place of business**<br><br>**451 Stoystown Road**<br>**Somerset, PA 15501-6927**<br>Number, Street, City, State & ZIP Code<br><br>**Somerset**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **www.garrettlimestone.com** |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Garrett Limestone Company, Inc.** _____ Case number (*if known*) _____
     Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    **2123**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ■ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ■ No
- ☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____ Relationship _____
District _____ When _____ Case number, if known _____

Debtor **Garrett Limestone Company, Inc.**     Case number (*if known*) _____
   Name

**11. Why is the case filed in *this district*?**    *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ■ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Garrett Limestone Company, Inc.**  Case number (*if known*) _____
Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **June 11, 2019**
MM / DD / YYYY

X **/s/ Gregory A Maust**            **Gregory A Maust**
Signature of authorized representative of debtor        Printed name

Title  **President**

**18. Signature of attorney**

X **/s/ Paul J. Cordaro**            Date **June 11, 2019**
Signature of attorney for debtor            MM / DD / YYYY

**Paul J. Cordaro 85828**
Printed name

**Campbell & Levine, LLC**
Firm name

**310 Grant Street, Suite 1700**
**Pittsburgh, PA 15219**
Number, Street, City, State & ZIP Code

Contact phone  **412-261-0310**    Email address _____

**85828 PA**
Bar number and State

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**        page 4

## ACTION BY UNANIMOUS WRITTEN CONSENT OF THE BOARD OF
## DIRECTORS IN LIEU OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS

### Dated: June 6, 2019

The undersigned, being all of the directors of GARRETT LIMESTONE COMPANY, INC. (the "Corporation"), a Pennsylvania corporation, hereby adopt and ratify the following resolutions with the same force and effect as if adopted and ratified at a duly convened special meeting of the Board of Directors.

WHEREAS, the Board of Directors of the Corporation has considered the business and financial condition and results of operations of the Corporation and has determined that it is in the best interests of the Corporation to: (a) enter into a management, consulting operations and/or other similar agreement with Neiswonger Construction, Inc. or any of its affiliates ("Neiswonger") for purposes of management and operational support of the Corporation and its operations, and (b) file a voluntary petition in the United States Bankruptcy Court for the Western District of Pennsylvania pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

NOW THEREFORE, BE IT:

RESOLVED, that the Authorized Officers shall be, and each hereby is, authorized, empowered, and directed, on behalf of and in the name of the Corporation, to take all actions necessary or appropriate for the Corporation to enter into a management, consulting, operations or other similar agreement with Neiswonger on such terms as may be agreed by any Authorized Officer (the "Management Agreement"), the execution thereof by such Authorized Officer to be conclusive evidence of such determination, and to consummate the transaction contemplated thereby; and it is further

RESOLVED, that the filing by the Corporation of a petition for relief under Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Western District of Pennsylvania is authorized; and it is further

RESOLVED, that the Gregory A. Maust, President of the Corporation, Angela L. Miller, Secretary/Treasurer of the Corporation and/or any other Officer of the Corporation (collectively, the "Authorized Officers") are hereby authorized, empowered, and directed on behalf of and in the name of the Corporation to execute, verify, and deliver all documents, including, without limitation, a petition, schedule of assets and liabilities, statement of financial affairs, and other ancillary documents, necessary to validly perfect the filing of a Chapter 11 voluntary bankruptcy case; and it is further

RESOLVED, that the Authorized Officers, acting alone or with one or more Authorized Officers, are hereby authorized, empowered and directed on behalf of and in the name of the Corporation to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute, verify, and deliver all necessary documents in connection with such bankruptcy case, with a view to successful prosecution of such bankruptcy case; and it is further

RESOLVED, that the Authorized Officers shall be, and each hereby is, authorized, empowered, and directed, on behalf of and in the name of the Corporation, to take all actions necessary or appropriate for the Corporation to obtain post-petition financing from Neiswonger according to the terms negotiated by such Authorized Officer, including under one or more debtor-in-possession credit facilities, and to effectuate the foregoing, to enter into such loan agreements, documents, notes, guaranties, security agreements, pledge agreements, and all other documents, agreements or instruments (collectively, the "DIP Credit Documents") as may be deemed necessary or appropriate by the Authorized Officer, the

execution thereof by such Authorized Officer to be conclusive evidence of such determination, and to consummate the transactions contemplated thereby; and it is further

RESOLVED, that the Corporation be, and it hereby is, authorized, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Officer, including the grant of replacement liens, as is reasonably necessary for the continuing conduct of the affairs of the Corporation; and it is further

RESOLVED, that the Authorized Officers be, and each hereby is, authorized, empowered, and directed, with full power of delegation, on behalf of and in the name of the Corporation, to execute, verify and/or file, cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings, and other documents, agreements, and papers, including all DIP Credit Documents and a motion to assume and/or operate pursuant to the Management Agreement, and to take any and all actions that the Authorized Officer deems necessary or appropriate; each in connection with the Corporation's bankruptcy case, any post-petition financing, or any cash collateral usage contemplated hereby; and it is further

RESOLVED, that the Authorized Officers shall be, and each hereby is, authorized, empowered and directed on behalf of, and in the name of, the Corporation to retain and to employ Campbell & Levine, LLC to represent the Corporation as general bankruptcy counsel and such other attorneys, investment bankers, accountants, financial advisors, and other professionals to assist in the Corporation's bankruptcy case on such terms as are deemed necessary, proper, or desirable by the Authorized Officers; and in connection therewith, the Authorized Officers are hereby authorized, directed, and empowered, on behalf of the Corporation, to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of such professionals in the Corporation's bankruptcy case; and it is further

RESOLVED, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by the Authorized Officers, shall be, and each hereby is, authorized, empowered, and directed to cause the Corporation and such of its affiliates as management deems appropriate to enter into, execute, deliver, certify, fire, record, and perform such agreements, instruments, motions, affidavits, applications for approval, or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of such Authorized Officer shall be necessary, proper, and desirable to prosecute to a successful completion of the Corporation's bankruptcy case, to effectuate the restructuring of the Corporation's debt, other obligations, organizational form and structure, and ownership of the Corporation and its subsidiaries consistent with the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidence by the taking of such actions; and it is further

RESOLVED, that any specific resolutions that may be required to have been adopted by the board of directors of the Corporation to effectuate the matters and transactions contemplated by the foregoing resolutions be, and they hereby are, adopted, and the directors, officers, and authorized representatives of the Corporation be, and each of them acting alone hereby is, authorized in the name and on behalf of the Corporation to certify as to the adoption of any and all such resolutions; and it is further

RESOLVED, that the Authorized Officers shall be, and each hereby is, authorized, empowered, and directed on behalf of the Corporation and in its name to take or cause to be taken all actions and to execute and deliver all such instruments that such Authorized Officer determines are necessary or desirable in connection with the foregoing resolutions; and it is further

    RESOLVED, that all of the acts and transactions heretofore taken by the officers and directors of the Corporation or of the Corporation in connection with or otherwise in contemplation of the transactions contemplated by any of the foregoing resolutions be and they hereby are confirmed, approved and ratified; and it is further

    RESOLVED, that these Resolutions may be executed in one or more counterparts, each of which will be deemed an original document, but all of which will constitute one and the same instrument; and one or more of such counterparts may be delivered via facsimile transmission, electronic mail or electronic signature in "portable document format" (".pdf") form, or by any other electronic transmission which shall have the same legal force and effect as an original counterpart hereof and shall be placed with the Corporation's records.

*[Signature Page Follows]*

WHEREFORE, the undersigned have duly affixed his signature on the date first indicated above.

_____
GREGORY A. MAUST

_____
SCOTT E. FIEG

_____
PATSY MAE MAUST

_____
ANGELA L. MILLER

_____
MEGAN H. WALSH

{C1059757.1}

4

WHEREFORE, the undersigned have duly affixed his signature on the date first indicated above.

_____          _____
GREGORY A. MAUST                   SCOTT E. FIEG

                                   *Angela B. Miller* (signature)
_____          _____
PATSY MAE MAUST                    ANGELA L. MILLER

_____
MEGAN H. WALSH

{C1059757.1}

4

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | **Garrett Limestone Company, Inc.** | |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF PENNSYLVANIA** | ☐ Check if this is an amended filing |
| Case number (if known): | | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Glenn O. Hawbaker, Inc. 1952 Waddle Rd. Suite 203 State College, PA 16803 | | | | | | $420,000.00 |
| New Enterprise Stone & Lime 3912 Brumbaugh Rd. New Enterprise, PA 16664 | | | | | | $360,347.92 |
| William Blackburn, Sr. 1200 Lake Shore Road Friedens, PA 15541 | | | | | | $349,074.34 |
| Donald W. & Ann M. Cochran 746 WIlson Drive Berlin, PA 15530 | | | | | | $240,000.00 |
| Dan Hawbaker 1952 Waddle Road State College, PA 16803 | | | | | | $200,000.00 |
| Eric D. and Alisa M. Murphy 192 Johnson Road Somerset, PA 15501 | | | | | | $180,000.00 |
| William R. Blackburn, Jr. 1200 Lake Shore Road Friedens, PA 15541 | | | | | | $149,603.29 |
| Luther P. Miller PO Box 714 Somerset, PA 15501 | | | | | | $138,206.96 |

Debtor **Garrett Limestone Company, Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **John Jones**<br>**494 Harvest Dr.**<br>**Rockwood, PA**<br>**15557** | | | | | | $132,000.00 |
| **Mosholder Insurance Agency-Insurance**<br>**135 W. Main St.**<br>**Somerset, PA 15501** | | **Insurance** | | | | $56,601.00 |
| **Meade M. Meyers, II**<br>**2507 Turkeyfoot Trail Road**<br>**Rockwood, PA**<br>**15557** | | | | | | $44,900.72 |
| **Jess W. Granville**<br>**2129 Tyrone Pike**<br>**Philipsburg, PA**<br>**16866** | | | | | | $43,265.89 |
| **Angela L. Miller**<br>**105 Pikeview Drive**<br>**Somerset, PA 15501** | | | | | | $41,900.72 |
| **CAT Commerical Revolving Card**<br>**P.O. Box 643**<br>**Sioux Falls, SD**<br>**57117-6403** | | | | | | $32,033.01 |
| **Krause Electric & Refrigeration Inc.**<br>**122 Raceland Road**<br>**Somerset, PA 15501** | | **Trade creditor** | | | | $29,502.15 |
| **North Star Equipment LLC**<br>**213 Trading Post Road**<br>**Stoystown, PA**<br>**15563** | | **Trade creditor** | | | | $22,308.15 |
| **Rudd Equipment Company**<br>**Dept. 77432**<br>**PO Box 77000**<br>**Detroit, MI**<br>**48277-0432** | | **Trade creditor** | | | | $16,071.76 |
| **Fike Cascio & Boose**<br>**124 North Center Ave**<br>**PO Box 431**<br>**Somerset, PA**<br>**15501-0431** | | **Trade creditor** | | | | $13,492.00 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor **Garrett Limestone Company, Inc.**　　　　　　　　　　　　　　　　　Case number *(if known)*
　　　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Musser Engineering Inc.**<br>**7785 Lincoln Hwy**<br>**Central City, PA 15926-8032** | | **Trade creditor** | | | | $13,294.56 |
| **Pittsburgh Tire**<br>**3301 Smallman Street**<br>**Pittsburgh, PA 15201** | | **Trade creditor** | | | | $10,789.51 |

# United States Bankruptcy Court
## Western District of Pennsylvania

In re  **Garrett Limestone Company, Inc.**  
Debtor(s)

Case No.  
Chapter **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Garrett Limestone Company, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**June 11, 2019**  
Date

/s/ Paul J. Cordaro  
**Paul J. Cordaro 85828**  
Signature of Attorney or Litigant  
Counsel for **Garrett Limestone Company, Inc.**  
**Campbell & Levine, LLC**  
**310 Grant Street, Suite 1700**  
**Pittsburgh, PA 15219**  
**412-261-0310 Fax:412-261-5066**